IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

YESSENIA ALANIS,          §
      PLAINTIFF,     §
            §
V.               §     CASE NO. 3:24-CV-2173-BK
            §
STATE FARM LLOYDS,    §
      DEFENDANT.   §

## MEMORANDUM OPINION AND ORDER

Pursuant to 28 U.S.C. § 636(c) and the parties' consent to proceed before the undersigned United States magistrate judge, Doc. 28, *Defendant State Farm Lloyds' Motion for Summary Judgment*, Doc. 22, is before the Court for determination.  For the reasons below, the motion is **GRANTED IN PART**.

### I. BACKGROUND

This action arises from an insurance claim dispute.  Defendant State Farm Lloyds ("State Farm") issued a homeowner's insurance policy (the "Policy") to Plaintiff insuring the property located at 9527 Adell Drive, Dallas, Texas 75217 (the "Property").  Doc. 4 at 18.  Plaintiff alleges that, on or about June 13, 2023, the Property sustained significant exterior and interior damage from a severe wind and hail event.  Doc. 4 at 18; Doc. 24 at 5.  Plaintiff thereafter submitted a claim to State Farm pursuant to the Policy's provision providing coverage for wind and hail damage.  Doc. 24 at 5.

On September 7, 2023, an adjuster assigned by State Farm inspected the Property and drafted an estimate of covered damages totaling $3,387.57.  Doc. 4 at 18-19; Doc. 22 at 2.  Although the adjuster found hail damage covered by the policy to the home's roof vents, rain

caps, and window screens, the adjuster concluded that the remaining damage was not caused by the storm and, therefore, was not covered under the Policy.  Doc. 25-1 at 10.  Because the estimated covered loss did not exceed the Policy's deductible, State Farm declined to issue a payment.  Doc. 22-1 at 2.

Plaintiff subsequently sought additional opinions from public adjusters, who opined that the storm caused substantially more damage than State Farm had accounted for in its original estimate.  *See* Doc. 4 at 19; Doc. 25-1 at 49-63.  State Farm reviewed the estimates submitted by Plaintiff's adjusters but maintained that many of the claimed damages either pre-dated the storm or otherwise fell outside the Policy's coverage.  Doc. 22 at 3.

On April 4, 2024, State Farm conducted a second inspection of the Property.  Doc. 24 at 6; Doc. 22 at 3.  Following the second inspection, however, State Farm concluded that no additional covered wind, hail, or water damage existed beyond what was observed during its initial inspection.  Doc. 24 at 6; Doc. 22-2 at 5.  State Farm thus advised Plaintiff that its findings and ultimate coverage decision remained unchanged.  Doc. 22 at 3; Doc. 22-2 at 2.

In August 2024, Plaintiff filed suit in Texas state court, asserting claims for breach of contract, breach of the common law duty of good faith and fair dealing, and violations of the Texas Deceptive Trade Practices Act ("DTPA") and the Texas Insurance Code.  Doc. 4 at 17. State Farm removed the case to this Court based on diversity jurisdiction.[1]  Doc. 4.

---

[1] State Farm erroneously filed its original notice of removal in the Abeline Division of the United States District Court for the Northern District of Texas.  *See* Doc. 2 at 1.  However, upon State Farm's motion noting the error, the action was transferred to this Court.  *See* Doc. 3.

State Farm now moves for summary judgment under Federal Rule of Civil Procedure 56, seeking the dismissal of all of Plaintiff's claims. Doc. 22. Plaintiff has filed a response, and State Farm has filed a reply. Doc. 24; Doc. 26.

## II. APPLICABLE LAW

Summary Judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting a since-amended version of FED. R. CIV. P. 56(c)); FED. R. CIV. P. 56(a). A party moving for summary judgment has the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the summary judgment record] … which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 322 (same).

If the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Id.* (cleaned up). Indeed, the party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports her claim. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). The Court "must view the evidence introduced and all factual inferences from the evidence in the light most favorable to the party opposing summary judgment, but a party opposing summary

judgment may not rest on mere conclusory allegations or denials in its pleadings." *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 417 (5th Cir. 2016) (quoting *Hightower v. Tex. Hosp. Ass'n.*, 65 F.3d 443, 447 (5th Cir. 1995)) (cleaned up).  If, however, the nonmoving party fails to make a showing sufficient to establish the existence of an essential element of its case and on which it will bear the burden of proof at trial, summary judgment must be granted.  *Celotex Corp.*, 477 U.S. at 322-23.

## III. ANALYSIS

### A.  Breach of Contract

Under Texas law, a plaintiff alleging breach of contract must establish: "(1) the existence of a valid contract; (2) the plaintiff performed or tendered performance as the contract required; (3) the defendant breached the contract by failing to perform or tender performance as the contract required; and (4) the plaintiff sustained damages as a result of the breach."[2] *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 501 n.21 (Tex. 2018) (citation omitted).

Here, the parties do not dispute that the first two elements are satisfied—the insurance Policy constitutes a valid, enforceable contract, and Plaintiff timely submitted her insurance claim in accordance with the Policy's terms.  *See* Doc. 4 at 18; Doc. 7 at 2.  Plaintiff's breach of contract claim thus turns on the remaining elements.

---

[2] Because State Farm removed this action based on diversity jurisdiction under 28 U.S.C. § 1332 (*see* Doc. 1 at 1, ¶3), the Court applies Texas substantive law.  *See Block v. Tanenhaus*, 867 F.3d 585, 589 (5th Cir. 2017) ("Under the Erie doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law") (quoting *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996)).

By the motion *sub judice*, State Farm argues that Plaintiff cannot satisfy the causation element of her breach of contract claim because she has not shown that the claimed property damage is covered by the Policy.  Doc. 22 at 5.  Specifically, State Farm contends that under Texas' concurrent causation doctrine, Plaintiff was required to submit evidence segregating covered damages (i.e. those caused by the June 13, 2023 storm) from damages caused by non-covered perils.  Doc. 22 at 5.  According to State Farm, Plaintiff's failure to do so warrants summary judgment.  Doc. 22 at 5-6.  Plaintiff responds that State Farm has not established that the concurrent causes doctrine applies and that, even if it does, she has submitted sufficient evidence to satisfy her burden.  Doc. 24 at 9-13.  As explained *infra*, the Court concludes that State Farm is not entitled to summary judgment on this claim.

### 1. *Concurrent Causation Doctrine*

To recover for breach of an insurance policy under Texas law, "the insured must show that its claimed damages are covered by the policy." *Hamilton Props. v. Am. Ins. Co.*, 643 Fed. App'x 437, 442 (5th Cir. 2016) (citation omitted).  When covered and non-covered perils combine to cause a loss, the "doctrine of concurrent causes" limits the insured's recovery to the "portion of the damage caused solely by the covered peril(s)." *Seahawk Liquidating Trust v. Certain Underwriters at Lloyds London,* 810 F.3d 986, 994 (5th Cir. 2016) (citing *Wallis v. United Servs. Auto. Ass'n*, 2 S.W.3d 300, 302-03 (Tex.App.—San Antonio 1999, pet. denied)).  "Because an insured can recover only for covered events, the burden of segregating the damage attributable solely to the covered event is a coverage issue for which the insured carries the burden of proof." *Advanced Indicator and Mfg., Inc. v. Acadia Ins. Co.*, 50 F.4th 469, 477 (5th Cir. 2022) (per curiam) (citation and internal quotation marks omitted).  Accordingly, when the

doctrine applies, the insured must produce "some evidence upon which the jury can allocate the damage attributable to the covered peril." *Wallis*, 2 S.W.3d at 303. "If the insured falls short of meeting this burden, the insurer is entitled to summary judgment." *Certain Underwriters at Lloyd's of London v. Lowen Valley View, L.L.C.*, 892 F.3d 167, 170 (5th Cir. 2018).

        i.   <u>State Farm Has Not Shown that the Doctrine of Concurrent Causation Applies.</u>

Plaintiff does not dispute that the doctrine of concurrent causation, when applicable, requires an insured to "segregate out covered damage from not covered damage." Doc. 24 at 9. However, she argues that this burden does not arise, "unless and until the insurer demonstrates, with evidence, that a non-covered peril could also have caused the insured's loss." Doc. 24 at 9. Because State Farm has not identified any such evidence, Plaintiff contends that it has not properly invoked the doctrine. Doc. 24 at 9.

The law is clear that "the doctrine of concurrent causation is not an affirmative defense or an avoidance issue" on which the insurer bears the burden of proof. *Wallis*, 2 S.W.3d at 303; *see also Generation Trade, Inc. v. Ohio Security Ins. Co.*, No. 3:18-cv-434, 2019 WL 3716427, at *4 (N.D. Tex. Aug. 6, 2019) (Kinkeade, J.) (noting that an insurer moving for summary judgment does not bear the burden of proving the doctrine's elements "beyond peradventure" to obtain judgment as a matter of law). At the same time, the doctrine's application necessarily presupposes the existence of evidence that both a covered and non-covered peril contributed to the claimed loss. Consistent with this framework, courts applying Texas law have recognized that the doctrine is implicated—and the insured's duty to segregate damages is triggered—only after the insurer identifies evidence that a non-covered peril could have caused some portion of the claimed damage. *See, e.g., Atwill v. State Farm Lloyds*, No. 3:04-cv-1343, 2006 WL

1118155, at *2 (N.D. Tex. Apr. 27, 2006) (Kinkeade, J.) ("Because Defendant provided competent summary judgment evidence that a non-covered source could also have caused the damage, Plaintiff had the burden of establishing evidence to allow the jury to segregate covered losses from non-covered losses."); *Prime Time Family Entm't Ctr., Inc. v. AXIS Ins. Co.*, 11-18-241-CV, 2020 WL 6108263, at *2-3 (Tex. App. —Eastland Oct. 16, 2020, no pet.) ("[W]hen an insurer demonstrates that a non-covered peril could have caused the insured's loss, the burden shifts to the insured to produce evidence to allow the trier of fact to segregate covered losses from non-covered losses"); *see also Feiss v. State Farm Lloyds,* 392 F.3d 802, 807 (5th Cir. 2004) (affirming summary judgment where the insurer "provided some evidence that excluded perils caused the damage in question," and the insured failed to present evidence permitting segregation).

Here, State Farm conclusively asserts that Plaintiff "cannot meet her burden" to segregate covered damages caused by the June 2023 storm from those caused by non-covered perils, "as well as other possible storms over a period of time." Doc. 22 at 5-6. However, neither its motion nor its reply identifies any exhibit, expert report, affidavit, deposition testimony, or other record evidence suggesting, let alone demonstrating, that a non-covered peril could have caused the damage at issue. *See* Doc. 22 at 5-6; Doc. 26 at 2-3. State Farm therefore assumes the applicability of the concurrent causation doctrine without pointing to evidence that would trigger Plaintiff's burden to segregate damages in the first place. *See Atwill*, 2006 WL 1118155, at *2; *Prime Time,* 2020 WL 6108263, at *2-3. For this reason alone, State Farm is not entitled to summary judgment on this issue. *See Celotex Corp.*, 477 U.S. at 322 ("[A] party seeking

7

summary judgment always bears the initial responsibility of . . . identifying those portions of the [record] . . . which it believes demonstrate the absence of a genuine issue of material fact.").

ii.  Plaintiff has Nevertheless Provided Sufficient Evidence to Avoid Summary Judgment.

Assuming, *arguendo,* that the doctrine of concurrent causation applies, Plaintiff contends she has satisfied her burden by producing evidence that the June 13, 2023 storm caused all of the claimed damage.  Doc. 24 at 10-13.  In other words, Plaintiff argues that there are no non-covered causes requiring segregation because the entirety of the loss is attributable to the covered damage.

The Court of Appeals for the Fifth Circuit has acknowledged uncertainty regarding the doctrine's application and accompanying burden of proof when, as here, an insured attributes 100 percent of their loss to a covered peril.  *See, e.g., Overstreet v. Allstate Vehicle & Prop. Ins. Co.*, 34 F.4th 496, 498 (5th Cir. 2022) (questioning whether "attributing 100% of the damage to a covered peril satisfies an insured's burden."); *Frymire Home Servs., Inc. v. Ohio Sec. Ins. Co.*, 12 F.4th 467, 472 (5th Cir. 2021) (same).[3]  Notwithstanding this uncertainty, the Fifth Circuit announced in *Advanced Indicator* that an insured could satisfy the demands of the concurrent

---

[3] In *Overstreet* and *Frymire*, the Fifth Circuit certified this question and others to the Texas Supreme Court.  *Overstreet*, 34 F.4th at 497; *Frymire,* 12 F.4th at 472.  Following certification and acceptance in each case, however, the parties settled.  *See Frymire,* 12 F.4th at 471, *certified question accepted* (Sept. 10, 2021), *certified question dismissed,* (Dec. 3, 2021); *Overstreet,* 34 F.4th at 499-500, *certified question accepted* (May 27, 2022), *certified question dismissed* (Sept. 16, 2022).  The Fifth Circuit's certified questions therefore "remain unanswered."  *See Advanced Indicator,* 50 F.4th at 476 n.4 ("because both Overstreet and Frymire settled after certification, [the Fifth Circuit's] questions regarding when the doctrine applies and plaintiff's burden of proof remain unanswered.").

causation doctrine "by putting forth evidence demonstrating that the loss came solely from a covered cause."[4] 50 F.4th at 477. Stated differently, if "a jury could reasonably find that all of an [insured's loss] comes from a covered cause, the concurrent-causation doctrine does not bar recovery." *Id.*

Neither party cites the holdings in *Frymire, Overstreet,* or *Advanced Indicator*. *See* Doc. 22 at 5-6; Doc. 24 at 10-13. Nevertheless, guided by *Advanced Indicator*, the Court concludes that Plaintiff has satisfied her burden under the concurrent causation doctrine.

In support of causation, Plaintiff relies on the report of independent expert Aaron Denton. *See* Doc. 25-1 at 31-44. Denton opines that, in his professional opinion, "the cause of the reported loss was the June 13, 2023 hail and wind event." Doc. 25-1 at 32, 44. He reached this conclusion after conducting a personal on-site inspection of the property and reviewing the claim file, a third-party inspection report, and a historical weather report summarizing severe weather events from August 14, 2022, and August 14, 2025. Doc. 25-1 at 32-33. According to Denton, the damage observed at Plaintiff's home—including lifted and pitted shingles, dented vent covers, and interior water damage—is consistent with the June 13, 2023 wind and hail event documented in the historical weather report, which recorded hail up to 1.75 inches in diameter. Doc. 25-1 at 34-35. To be sure, Denton acknowledges that the weather history shows smaller hail events and "multiple significant wind events" both before and after the reported date of loss. Doc. 25-1 at 34. Nevertheless, he avers that the June 13, 2023 storm was "by far the most

---

[4] Although the court acknowledged that its certified questions remained unanswered, it emphasized that this fact was "of no import" because its decision did not exclusively rest on the application of the concurrent causation doctrine. *See Advanced Indicator*, 50 F.4th at 476 n.4.

severe" event during the relevant period and is "the only credible source" of the roof, exterior, and resulting interior damage. Doc. 25-1 at 34-35. Denton further notes that "no interior leaks or significant roof issues were noted prior to this storm" and that Plaintiff reported roof damage and water intrusion immediately afterward. Doc. 25-1 at 34. According to Denton, this temporal correlation strongly supports his finding that the June 13, 2023 hailstorm "was the catalyst for the damage." Doc. 25-1 at 34.

Viewing this evidence in the light most favorable to Plaintiff, a reasonable jury could find that the June 13, 2023 storm was the sole cause of the claimed damages. *See, e.g., Advanced Indicator*, 50 F.4th at 476-77 (holding that the insured satisfied its summary judgment burden by providing lay and expert testimony demonstrating that the "hurricane was the sole cause of [insured's] loss" and that the building was in good shape before the hurricane); *Garcia v. State Farm Lloyds*, No. 3:21-cv-1220, 2022 WL 4349547, at *3 (N.D. Tex. Sept. 19, 2022) (Kinkeade, J.) (finding that the insured had produced sufficient evidence to create a genuine issue of material fact by relying on his retained causation expert who concluded, after inspecting the property, that "[t]he cause of loss is hail and wind damage."). Further, as outlined above, State Farm identifies no evidence to the contrary. Accordingly, State Farm's motion for summary judgment on the breach of contract claim is **DENIED.**

### B. Extracontractual Claims

State Farm also moves for summary judgment on Plaintiff's remaining extracontractual claims. *See* Doc. 22 at 8-12. Although Plaintiff filed a response opposing the motion in "its entirety," she does not explicitly address her claim for bad faith or her claims under the DTPA or the Texas Insurance Code. *See* Doc. 24, *passim.* If no response whatsoever is filed to a motion

10

for summary judgment, the court cannot enter a "'default' summary judgment." *Boyd v. Fam Dollar Stores of Texas, LLC,* No. 3:22-cv-1386, 2023 WL 4141052, at \*1 (N.D. Tex. June 22, 2023) (Fitzwater, J.) (citation omitted). However, when a response is filed that does not address particular claims upon which summary judgment is sought, those claims may be treated as abandoned. *See Harris v. City of Schertz*, 27 F.4th 1120, 1123 (5th Cir. 2022) ("On appeal, the City argues that Harris' failure to respond in district court to its summary judgment motion's argument about age discrimination means that the claim was abandoned. It has authority on its side.") (citing *Vela v. City of Houston*, 276 F.3d 659, 679 (5th Cir. 2001)).

Although the Court need not scour the summary judgment record for evidence supporting Plaintiff's claims, it nevertheless concludes that the same evidence which creates a genuine issue of material fact on Plaintiff's breach of contract claim also precludes summary judgment on her claims under Sections 542.058 and 542.060 of Texas's Prompt Payment Statute.[5] In other words, because there remains a genuine factual dispute regarding whether the claimed damage is covered and whether any additional benefits are owed under the Policy, the amount, if any, wrongfully withheld by State Farm has yet to be determined. *See Patton v. Meridian Sec. Ins. Co.*, No. 3:21-cv-1409, 2022 WL 2992878, at \*18 (N.D. Tex. July 28, 2022) (Fish, J.) (denying

---

[5] Section 542.058 provides, in pertinent part, that an insurer is liable to an insured "if an insurer, after receiving all items, statements, and forms reasonably requested and required . . ., delays payment of the claim for a period exceeding the period specific by other applicable statutes or, if other statutes do not specify a period, for more than 60 days." TEX. INS. CODE. ANN. § 542.058(a). If the insurer fails to pay the claim within 60 days, Section 542.060 provides that the insurer shall pay the claimant, in addition to the amount owed under the claim, "interest on the amount of the claim at the rate of 18 percent a year as damages, together with reasonable and necessary attorney's fees." TEX. INS. CODE. ANN. § 542.060(a).

11

summary judgment on claims that insurer violated §§ 542.058 and 542.060 of the Texas Insurance Code because the jury could find that the insurer "breached the insurance contract by failing to pay more than what it already paid."); *Wings Platinum, LLC v. Westchester Surplus Lines Ins. Co.*, No. 3:23-cv-2145, 2025 WL 1489236, at *7 (N.D. Tex. Feb. 4, 2025) (Fitzwater, J.) (holding that the insured's claims under §§ 542.058 and 542.060 were not fit for summary judgment "because there [was] still a genuine factual dispute as to whether the damage occurred during the Policy's coverage, and thus whether payment was owed or wrongfully withheld under the policy[.]").  State Farm's motion for summary judgment on Plaintiff's claims under §§ 542.058 and 542.060 is therefore **DENIED.**

However, State Farm is entitled to summary judgment on Plaintiff's remaining extracontractual claims.  As noted *supra*, Plaintiff neither responds to State Farm's arguments regarding those claims nor does the evidence identified above create a genuine factual dispute as to any of their essential elements.  The Court therefore concludes that Plaintiff has abandoned those remaining claims and, in any event, failed to satisfy her summary-judgment burden. Accordingly, State Farm's motion for summary judgment is **GRANTED** as to Plaintiff's bad-faith claim, DTPA claims, and Texas Insurance Code claims other than those asserted under §§ 542.058 and 542.060.

## IV. CONCLUSION

For the foregoing reasons, *Defendant State Farm Lloyds' Motion for Summary Judgment*, Doc. 22, is **GRANTED IN PART**.  With the exception of Plaintiff's breach of contract claim and claims under §§ 542.058 and 542.60 of the Texas Insurance Code, Plaintiff's remaining claims are **DISMISSED WITH PREJUDICE**.

**SO ORDERED** on June 10, 2026.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

13